UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| FLOYD GENE WISEMAN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 1:16cv00144HEA |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner's motion to Vacate, Set Aside or Correct Sentence [Doc. #1] pursuant to 28 U.S.C. § 2255, wherein he asserts *Johnson v. United States,* 135 S. Ct. 2551 (2015) is applicable. The United States of America has responded to the motion in opposition. Petitioner filed PETITIONER'S OPENING BRIEF AND MEMORANDUM [Doc. #14] on January 3, 2017. For the reasons set forth below the Motion will be denied.

### **Facts and Background**

On April 14, 2009, Petitioner entered pleas of guilty to one count of Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1) and one count of Possession With Intent to Distribute Five Grams or More of Cocaine Base in violation of 21 U.S.C. § 841(a)(1). A Presentence Investigation Report was prepared and provided to the court. Petitioner appeared for sentencing on October

19, 2009. Petitioner was found to be a career offender and was sentenced to a within-Guidelines term of imprisonment of 188 months on the controlled substance charge and 120 months on the firearms charge. The sentences were ordered to be served concurrently for an aggregate sentence of 188 months.

The Presentence Investigation Report found Petitioner to be a career offender, as to the drug charge, under U.S.S.G. § 4B1.1(a), resulting in a Total Offense Level of 31. He was not found to be an Armed Career Criminal for the firearm charge. The convictions that were classified as career offender predicates were: (1) a controlled substance offense of Distribution of a Controlled Substance, (P.S.R. ¶ 35); (2) a crime of violence of Second Degree Assault (P.S.R. ¶ 42). The Criminal History Category was VI since he was classified as a career offender and the resulting sentencing range was 188 to 235 months.

On October 22, 2009, Petitioner filed a timely Notice of Appeal. That appeal was dismissed by the Eighth Circuit Court of Appeals based on the appeal waiver contained in his plea agreement. This is his first petition pursuant to 28 U.S.C. § 2255.

## Petitioner's Claim

Petitioner claims that he is entitled to relief under the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). He claims that his prior conviction for Missouri Distribution of a Controlled Substance was

improperly classified as a "serious drug offense." His suggestion is that *Johnson* should be applied retroactively to his case to reduce his sentence.

## Discussion

In *Johnson v. United States*, 135 S. Ct. 2551 (2015), the Supreme Court held that the residual clause in the definition of a "violent felony" in the Armed Career Criminal Act of 1984, 18 U.S.C. § 924(e)(2)(B) ("ACCA"), is unconstitutionally vague. The Supreme Court has since determined that *Johnson* announced a new substantive rule of constitutional law that applies retroactively on collateral review in cases involving ACCA-enhanced sentences. *United States v. Welch*, 136 S. Ct. 1257 (2016). However, the Court's holding in *Welch* that *Johnson* applies retroactively in ACCA cases on collateral review does not govern the separate question of whether *Johnson* applies retroactively to claims based on the Sentencing Guidelines.

A Career Offender is determined as follows:

> (a) A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a).

A controlled substance offense is defined by the Sentencing Guidelines as follows:

3

> (b) The term "controlled substance offense" means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) with intent to… manufacture, import, export, distribute, or dispense.

U.S.S.G. § 4B1.2(b).

A defendant must have at least two prior convictions for controlled substance offenses and/or crimes of violence in order to be classified as a career offender for a federal controlled substance conviction. Petitioner had two; his Distribution of a Controlled Substance and his Second Degree Assault felony convictions.

Petitioner's prior controlled substance conviction was a "controlled substance offense" as that term is defined by U.S.S.G. § 4B1.2(b). With that conviction, and the undisputed crime of violence conviction for Second Degree Assault, he was properly classified as a career offender.

In *Donnell v. United States*, 826 F.3d 1014 (8th Cir. 2016), the defendant applied for leave to file a successive petition based upon *Johnson*, seeking to extend *Johnson* and *Welch* by urging that the residual clause of the career offender provisions in the sentencing guidelines were unconstitutionally vague and that this extension should be applied retroactively to cases on collateral review. *Id.* The motion was denied and the Court concluded that "Donnell's successive motion

4

seeks to assert a new right that has not been recognized by the Supreme Court or made retroactive on collateral review." *Id.*

*Donnell* forecloses the issue raised here by Petitioner, holding that defendants are not entitled to apply *Johnson* retroactively to cases on collateral review. In refusing to allow Donnell permission to file his successive 2255 Petition, the Court noted that "[f]or Donnell's successive motion to succeed, therefore, the post-conviction court must announce a second new rule that extends *Johnson* to the sentencing guidelines." *Id.* at * 1. The *Donnell* Court declined to find that this "second new rule" exists and denied Donnell permission to file his successive § 2255 Petition.

Considering the Court's holding in *Donnell*, Petitioner may not apply the holding of *Johnson* in a retroactive fashion to attack his career offender sentence on collateral review. He has not shown that there is a new rule of constitutional law, made retroactively applicable to cases on collateral review.

## Conclusion

Based upon the foregoing analysis, Petitioner has failed to establish he is entitled to a hearing and has failed to present any basis upon which the Court may grant relief.

## **Certificate of Appealablity**

The federal statute governing certificates of appealability provides that "[a]

5

certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right requires that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Based on the record, and the law as discussed herein, the Court finds that Movant has not made a substantial showing of the denial of a constitutional right.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DENIED** in all respects.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

Dated this 10th day of April, 2017.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE